## Herbert v. Glen Alden Coal Co.

*Joseph E. Fleitz* and *John S. Lopatto*, for claimant.
*F. B. Gelder* and *J. H. Oliver*, for defendant.

VALENTINE, P. J., May 13, 1943.—This is an appeal by defendant from the decision of the Workmen's Compensation Board affirming the order of the referee dismissing defendant's petition for a termination of payments under a compensation agreement entered into between claimant and defendant.

William Herbert, husband of plaintiff, was killed in the course of his employment on April 12, 1937. Claimant and defendant entered into a compensation agreement which provided for compensation at the rate of $10 per week for the period of 300 weeks.

On October 10, 1940, defendant presented its petition, asserting that:

"The status of the said Elizabeth Herbert under Section 307, Par. 7 of the Pennsylvania Workmen's Compensation Act, changed on or about July 10, 1939, and she is not now a dependent as contemplated under the Act."

Defendant prayed that payments under the aforesaid agreement be terminated.

A responsive answer was filed by the claimant through an attorney residing at Atlanta, Ga. After due hearing the referee denied the petition, and this action was affirmed by the board. Defendant's petition to terminate recites no facts tending to show that claimant's status had changed. In effect, the petition avers a conclusion only. Irrespective of this feature, the burden of establishing a change of status was upon defendant. This burden was not met.

The letter written by the claimant to Mrs. Symons, offered in evidence by defendant, contains no admission or statement of a change of status, and cannot be regarded as establishing that there has been a change. At most, the letter might raise a suspicion that claimant had remarried or was living in a meretricious relationship.

Defendant's real complaint is that the claimant did not, and apparently will not, appear in person in order that defendant's counsel may be afforded an opportunity to examine her. We agree with the statement of defendant's counsel that defendant has a right to examine the claimant, but the right to examine the claimant is not the question here presented. Defendant's real complaint is that claimant has appeared by counsel, rather than in person.

We have been referred to no provision of the statute which obligates a claimant, upon the hearing of a petition to terminate, to appear in person rather than by counsel. The burden of proving a change of status is upon defendant. We know of no way that claimant's presence can be required except by the service of process. If claimant is beyond the jurisdiction of the court, and not subject to subpœna, or if defendant is unable to procure her address because her present residence is unknown, we know of no authority which permits the court to require her appearance in person as a condition precedent to the disposition of her case, nor has defendant's counsel furnished us with any.

490

We conclude that the case was properly disposed of by the referee and board.

Therefore, now, May 13, 1943, the appeal is dismissed and the order of the board affirmed.